UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



| | )
|---|---|
| D.H. PIERCE DESIGN ASSOCIATES, | ) |
| INC., d/b/a PIERCE ARCHITECTS, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) DOCKET NO: |
| | ) |
| D.L. COTE & COMPANY, LLC, and DEE | ) JURY TRIAL DEMANDED |
| L. COTE, in his Individual Capacity | ) |
| Defendants. | ) |

05-11626

Referred to MJ RB Collings

### VERIFIED COMPLAINT

#### PARTIES

1. D.H. Pierce Design Associates, Inc. d/b/a Pierce Architects ("Pierce"), is a Massachusetts corporation with a principal place of business at 214 Derby Street in Salem, Massachusetts.

2. Defendant, D.L. Cote & Company, LLC, is a Massachusetts corporation with a principal place of business at 3 Parker Court in Salem, Massachusetts, and the defendant, Dee L. Cote is an individual with a residential address at 3 Parker Court in Salem, Massachusetts (collectively "Cote").

#### JURISDICTIONAL ALLEGATIONS

3. Jurisdiction before this Court is proper pursuant to 28 U.S.C. §1338, 17 U.S.C. §102, and 17 U.S.C. §502.

#### GENERAL ALLEGATIONS

4. On December 4, 2003, Cote, acknowledging it owed monies to Pierce for services rendered, provided Pierce with a Promissory Note for $5,000.00.

5. On March 5, 2004, Pierce entered into a Standard Form of Agreement Between Owner and Architect (the "Contract") with Cote in connection with the building known as The Leavitt House Condominiums located at 7 Winter Street in Salem, Massachusetts (the "Project).

6. The Contract provided that Pierce would prepare original architectural design documents (hereinafter "Design Documents") for the Project, and perform other specific designated architectural services.

967901v1

7. As stated in the Contract, Pierce retained all rights to the Design Documents, and specifically, all common law and statutory rights, including copyright.

8. On June 2, 2004, to accommodate Cote, the Contract was amended by a signed Additional Services Agreement, delineating additional payments to be made to Pierce and establishing a revised total compensation for Pierce's services.

9. On August 5, 2004, the parties entered into a Memorandum of Understanding ("MOU"). The MOU, which was drafted by George W. Atkins III, Cote's attorney, provided that final payment was due to Pierce no later than June 1, 2005.

10. On March 31, 2005, without cause, Cote terminated the Contract with Pierce.

11. At all times, Pierce properly and appropriately performed all services called for under its agreements with Cote.

12. On April 7, 2005, Pierce issued to Cote Invoice No. 0201.3-15 for fees and expenses totaling $80,436.72, pursuant the payment terms of the Contract, the Additional Services Agreement, and the MOU (collectively the "Agreements").

13. Following Pierce's termination Cote continued to use and directed others to use Pierce's Design Documents without authorization.

14. Notwithstanding Cote's continued use of Pierce's Design Documents and Pierce's full compliance with the terms of the Contract and the subsequently executed MOU, Cote has refused to pay Pierce the outstanding monies owed under the Agreements.

## Count I - Violation of Copyright

15. Pierce repeats and realleges the allegations set forth in paragraphs 1 through 14 as if fully set forth herein.

16. The Design Documents prepared by Pierce are original architectural works created independently by Pierce and expressing its creative designs.

17. Cote knew or should have known that under federal law, the Design Documents are automatically protected by copyright under the *Architectural Works Copyright Protection Act* as incorporated into 17 U.S.C. § 102.

18. Moreover, Pierce has registered these materials with the Library of Congress as his copyright protected works. Pierce's Design Documents were protected against copyright upon the mailing of Form VA(2) for copyright registration with the United States Copyright Office on April 12, 2005.

967901v1

19. After Pierce's termination Cote was expressly advised that Pierce was not relinquishing its ownership or copyright in the Design Documents.

20. Despite this knowledge, Cote knowingly and intentionally continues to use the Design Documents without permission of or compensation to Pierce.

21. As a result of Cote's violation of Pierce's copyright in the Design Documents, Pierce has been damaged.

WHEREFORE, Pierce requests that judgment enter in his favor against Cote, and that this Court award Pierce its damages, costs, attorney's fees, and such other relief as this Court deems just and appropriate.

### Count II – Breach of Promissory Note

22. Pierce repeats and realleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

23. On December 4, 2003, Cote provided Pierce a signed Promissory Note which promised to pay $5,000.00 no later than December 1, 2004.

24. Cote has not made payment as required by the terms of the Promissory Note.

WHEREFORE, Pierce requests that judgment enter in his favor against Cote, and that this Court award Pierce its damages, costs, attorney's fees, and such other relief as this Court deems just and appropriate.

### Count III - Breach of Contract

25. Pierce repeats and realleges the allegations set forth in paragraphs 1 through 24 as if fully set forth herein.

26. Pierce and Cote entered into a written Contract which provided for Cote to pay Pierce for it services as performed on a flat fee basis and an hourly wage after March 5, 2005, plus expenses as identified in the Contract.

27. On June 8, 2004 the Contract was amended by an Additional Services Agreement, signed by Cote, delineating payments to be made to Pierce and establishing a total compensation for services, the majority of which would be provided upon completion of the Project.

28. On or about July 2004, in violation of the Contract and the Additional Services Agreement, Cote failed to pay Pierce even though Pierce continuously complied with the terms of the agreements.

29. On August 5, 2004, an additional agreement was memorialized in a MOU.

30. Pierce has performed services and incurred expenses as directed by Cote.

31. On March 31, 2005, Cote terminated Pierce's services in violation of the Contract.

32. On April 7, 2005, Pierce sent Invoice No. 0201.3-15 to Cote for fees and expenses totaling $80,436.72 which has not been paid.

33. In accordance with the Agreements, final payment for all services rendered was due on June 1, 2005.

34. As a result of Cote's breaches of the Contract, Pierce has been harmed.

WHEREFORE, Pierce requests that judgment enter in its favor against Cote, and that this Court award Pierce its damages pursuant to the Contract, costs, attorney's fees, and such other relief as this Court deems just and appropriate.

### Count IV - Quantum Meruit

35. Pierce repeats and realleges its allegations in Paragraphs 1 through 34 as if fully set forth herein.

36. Pierce has performed services and incurred expenses as directed by Cote.

37. Despite repeated demands for payment for the work performed and services rendered, Cote has failed to make payment to Pierce.

WHEREFORE, Pierce requests that judgment enter in its favor against Cote, and that this Court award Pierce its damages for services rendered and not compensated, costs, attorney's fees, and such other relief as this Court deems just and appropriate.

### Count V - Unjust Enrichment

38. Pierce repeats and realleges its allegations in Paragraphs 1 through 37 as if fully set forth herein.

39. Pierce has performed services and incurred expenses as directed by Cote.

40. Cote has received the benefit of Pierce's services and the expenses it incurred on Cote's behalf.

41. Cote has failed and refused to make payment to Pierce for the work performed and services provided by Pierce.

967901v1

WHEREFORE, Pierce requests that judgment enter in its favor against Cote, and that this Court award Pierce its damages for services rendered and not compensated, costs, attorney's fees, and such other relief as this Court deems just and appropriate.

### Count VI – Statutory - M.G.L. c. 93A

42. Pierce repeats and realleges its allegations in Paragraphs 1 through 41 as if fully set forth herein.

43. At all relevant times, Cote conducted trade or commerce in the Commonwealth of Massachusetts so as to come within the purview of Massachusetts General Laws, Chapter 93A.

44. By its conduct, including, but not limited to, its termination of Pierce's services, unauthorized duplication and continued use of Pierce's Design Documents in violation of Pierce's copyright protection, and refusal to pay Pierce for monies owed, Cote has committed unfair trade practices in violation of M.G.L. c. 93A, §11, and as a direct result thereof, Pierce has incurred monetary damages.

45. The unfair and/or deceptive acts or practices by Cote have been committed intentionally and/or recklessly.

46. As a result of Cote's unfair and/or deceptive acts or practices, Pierce has suffered and continues to suffer damages.

WHEREFORE, Pierce respectfully requests that the Court enter judgment against Cote in the amount of three times Pierce's damages, plus interest, costs and attorney's fees.

### Verification

I, Daniel Pierce, hereby state under oath that the facts asserted herein are true to the best of my knowledge, information, and belief.

_____
Daniel H. Pierce

                                      Respectfully submitted
                                      D.H. PIERCE DESIGN ASSOCIATES, INC.
                                      By its attorneys,
                                      MORRISON MAHONEY LLP

                                      _____
                                      Steven J. Bolotin, BBO#564085
                                      250 Summer Street
                                      Boston, MA  02210
                                      (617) 439-7500

967901v1

## JURY DEMAND

Pierce requests a trial by jury on all issues so triable.

Respectfully submitted
D.H. PIERCE DESIGN ASSOCIATES, INC.
By its attorneys,
MORRISON MAHONEY LLP

_____
Steven J. Bolotin, BBO#564085
250 Summer Street
Boston, MA  02210
(617) 439-7500

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
D.H. Pierce Design Associates, Inc. d/b/a Pierce Architects

### DEFENDANTS
D.L. Cote & Company, LLC and Dee L. Cote, in his individual capacity

(b) County of Residence of First Listed Plaintiff  Essex, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Essex, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 617-439-7500
Steven J. Bolotin, Morrison Mahoney LLP,
250 Summer Street, Boston, MA 02210

Attorneys (If Known)

05-11626 RWZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. Sec. 501 et. seq.
Brief description of cause:
Breach of copyright and contract and unfair business practice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 125,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 8/4/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) <u>D.H. Pierce Design Associates, Inc.   v.   D.L. Cote Company, LLC</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ]  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   - [X] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   - [ ]  V.  150, 152, 153.

   05-11626 RWZ

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Steven J. Bolotin, Esq./Morrison Mahoney LLP
ADDRESS           250 Summer Street, Boston, MA 02210
TELEPHONE NO.     617-439-7500

(CategoryForm.wpd - 5/2/05)