UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.H. PIERCE DESIGN ASSOCIATES, INC., d/b/a PIERCE ARCHITECTS, Plaintiff, | ) ) ) ) ) |
| v. | ) ) DOCKET NO: **05-11026 RWZ** |
| D.L. COTE & COMPANY, LLC, and DEE L. COTE, in his Individual Capacity Defendants. | ) ) ) ) |

### PLAINTIFF'S MOTION FOR REAL ESTATE ATTACHMENT

Now comes the plaintiff D.H. Pierce Design Associates, Inc. ("Pierce") and, pursuant to Fed.R.Civ.P. Rule 64 and the Local Rules of this Court, specifically, Rule 4.1 of the Massachusetts Rules of Civil Procedure, hereby moves the court to attach real estate standing in the name of Dee L. Cote in the amount of $125,000.00, as security for whatever judgment the plaintiff may obtain in this action.

**I.   RELEVANT FACTS**

Rather than repeat the Statement of Facts set forth in the Plaintiff's Motion for Preliminary Injunction, Pierce adopts them herein by reference.[1]

**II.   ARGUMENT**

**I.   STANDARD**

Federal Courts may authorize the attachment of real estate during the course of an action "under the circumstances and in the manner provided by the law of the state in

---

[1] Pierce further adopts by reference the arguments set forth in his Motion for Preliminary Injunction. References to exhibits hereinafter are to the exhibits appended to the affidavit of Daniel H. Pierce.

968677v1

which the district court is held." Fed. R. Civ. P. 64. Massachusetts law grants discretion to district courts to allow for pretrial attachment of a defendants' property

> after notice to the defendant and hearing and upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment.

Mass. R. Civ. P. 4.1(c).

"Massachusetts courts have not determined the exact evidentiary standard (e.g. clear and convincing or preponderance of the evidence) for a "likelihood" of a certain recovery to be found." Sheehan v. NetVersant-New England, Inc., 345 F. Supp. 2d 130; citing, Montague Corp. v. Simon Worldwide, 2001 Mass. Super. LEXIS 433, 2001 WL 1226854 *2 (Mass. Super. 2001). Nevertheless, Massachusetts affords discretion to grant real estate attachments where the plaintiff has shown a strong factual and legal basis for its claims. Rodriguez v. Montalvo, 337 F. Supp. 2d 212 (2004)(Granting plaintiff's motion to attach real estate). Such facts are clearly present in this case. Moreover, upon information and belief, defendants are currently without liability insurance or other available assets to satisfy the judgment. Affidavit of Daniel H. Pierce, paragraph 18. Further, Cote continues to transfer ownership in the Project, and encumber its interest in the Project with loans and mortgages. Affidavit of Daniel H. Pierce, paragraph 19. Accordingly, the only issues before the Court are whether Pierce is reasonably likely to succeed on the merits and, if so, the extent of his monetary recovery.

### A. There Is A Reasonable Likelihood That Pierce Will Recover Judgment On Its Claim Of Copyright Infringement.

Usually, a writ of attachment is granted under different, and more stringent, standards than a preliminary injunction pursuant to Fed. R. Civ. P. 65.[2] *See* Hasbro, Inc. v. Serafino, 1997 U.S. Dist. LEXIS 2511. Accordingly, the granting of an injunction will serve as an indicator that an attachment is also appropriate.

The facts set forth in Pierce's Motion for Preliminary Injunction, which is adopted herein by reference, demonstrate a clear likelihood of success on the merits on the claim of copyright violation, as well as presumed irreparable harm under the law. Under those circumstances, alone, a real estate attachment would be appropriate. VLT, Inc. v. Lucent Techs., Inc., 2002 U.S. Dist. LEXIS 5842 (D. Mass. Jan. 17, 2002)(motion for an attachment granted in the amount of $20 million where patentees testing on the infringer's product exhibited the same characteristic as the protected product).

As for damages, for Cote to use Pierce's Drawings, Pierce either had to be working on the Project or given Cote permission to use of the Drawings under terms and compensation acceptable to Pierce. Given the hourly rate agreed to by the parties, and the amount of work necessary to complete the Project, Pierce estimates that it would be entitled to at least another $25,000 in fees, which would also be the minimum amount for Pierce to permit the use of its Drawings without continued involvement in the Project.[3]

---

[2] "When seeking an injunction, a plaintiff must typically demonstrate not only a reasonable likelihood of success on the merits of the claim, as in attachment proceedings, but a court must also evaluate (1) the potential that the plaintiff will suffer irreparable harm if the injunction is not granted; (2) whether the defendant will suffer greater harm from the grant of the injunction; and (3) how the injunction would serve or disserve the public interest." Hasbro, Inc. v. Serafino, 1997 U.S. Dist. LEXIS 2511.

[3] Alternatively, under 17 U.S.C. §504, Pierce is entitled to elect recovery of statutory damages in an amount of $750 to $30,000, as decided in the discretion of the Court. Those statutory damages may be increased by the Court up to $130,000 for a finding of a knowing or willful violation.

3

968677v1

B.  **There Is A Reasonable Likelihood That Pierce Will Recover On Its Claim Of Breach Of Promissory Note.**

In addition to its copyright claims, Pierce has set forth a claim for Breach of Promissory Note (Count II). On December 4, 2003, Cote provided Pierce a signed Promissory Note ("Note"). Under the Note, Cote promised to pay Pierce $5,000.00, separate and apart from any compensation Pierce may be entitled to under the Contract. Payment under the Note was due no later than December 1, 2004. **Exhibit 1**. The Note was not contingent upon any action by Pierce. The Note also provides for interest at 10% per annum, plus costs and attorneys fees of collection. **Exhibit 1**. To date, Cote has not made payment as required by the terms of the Note. Affidavit of Daniel H. Pierce, paragraph 9. Accordingly, the current amount due is $5,333.36, which continues to accrue interest at the rate of $41.67 per month.

C.  **There Is A Reasonable Likelihood That Pierce Will Recover On Its Claims Of Breach of Contract.**

Pierce has further set forth a claim for Breach of Contract (Count III). Primarily, Pierce and Cote entered into a Contract on March 5, 2004. In order to accommodate Cote, the Contract was amended on June 2, 2004,[4] and August 5, 2004,[5] and in part specified that final payment for all services was due to Pierce no later than June 1, 2005. Accordingly, Pierce performed services and incurred expenses as directed by Cote.

On March 31, 2005, Cote terminated Pierce's services in violation of the Contract. **Exhibit 2**. The Contract also provides for interest at 18% per annum. **Exhibit**

---

[4] On June 2, 2004, to accommodate Cote, the Contract was amended by a signed Additional Services Agreement, delineating additional payments to be made to Pierce and establishing a revised total compensation for Pierce's services.

[5] On August 5, 2004, the parties entered into a Memorandum of Understanding ("MOU"). **Exhibit 3**. The MOU was drafted by George W. Atkins III, Cote's attorney.

4

968677v1

2. On April 7, 2005, Pierce sent Invoice No. 0201.3-15 to Cote for fees and expenses totaling $80,436.72 which has not been paid. **Exhibit 14**. In accordance with the MOU, final payment for all services rendered by Pierce was due on June 1, 2005. **Exhibit 3**. To date Cote has not made any payments on the monies owed. The current amount due, with interest, is $82,849.82, which continues to accrue interest at the rate of $1,206.55 per month.

### D. There Is A Reasonable Likelihood That Pierce Will Recover On Its Claims Of *Quantum Meruit* and/or Unjust Enrichment.

Alternatively, Pierce has set forth claims of *Quantum Meruit* (Count IV) and Unjust Enrichment (Count V). As noted above, in reliance on Cote's direction, Pierce performed services and incurred expenses. Cote has received the benefit of those services and the expenses, but has not made payment therefore. The value of those services, as measured by applying the hourly rate agreed upon between Pierce and Cote, and only if payment were made in full during the course of the Project (which did not occur and which is why an agreement to defer Pierce's compensation was entered into) would still have resulted in Cote currently owing Pierce $73,244.42 for fees and expenses. Affidavit of Daniel H. Pierce, paragraph 10. As such, even if Pierce were not entitled to full payment under the Contract, Pierce has a strong likelihood of success on the merits for his quantum meruit and unjust enrichment claims. *See* Davenport v. Colarusso, 1997 Mass. Super. LEXIS 519 (court allowed a Motion for Real Estate Attachment where the builders of a construction project were each due money for labor, materials, and services provided by them to construct a home on defendants' property). Daniel J. Quirk, Inc. v. Xaros, 1996 Mass. Super. LEXIS 6 (court upheld a $75,000 attachment of the defendant's property).

### E.  There Is A Reasonable Likelihood That Pierce Will Recover Attorneys Fees.

As a final matter, there is also a reasonable likelihood that Pierce will be entitled to its attorneys fees under various provisions in the documents and law.  First, as noted above, the Note expressly provides that Pierce is entitled to payment of its costs of collection, including reasonable attorneys fees.  **Exhibit 1**.  As Pierce has had to initiate this action to collect on the monies owed under the Note, Pierce is entitled to its attorneys fees for being compelled to do so.

Next, Pierce may recover attorneys fees pursuant to 17 U.S.C. §505.  Under that section, attorneys fees may be awarded in the discretion of the Court.  Such an award is particularly appropriate where the violation of copyright was knowing or intentional.  In this case, it is undisputed that the Contract provided ownership in the Drawings to Pierce, the Drawings contained a copyright notice on them, and Pierce advised in writing that it would not grant permission to use the Drawings if the Contract were terminated.  Yet, Cote proceeded to use the Drawings anyway.  Under such circumstances, an award of attorneys fees is reasonably likely.

Finally, independent of the copyright violations, Cote's actions also constitute a violation of G.L. c. 93A.  Cote retained Pierce to provide design services, including preparation of design Drawings in which the ownership was expressly reserved to Pierce.  When Cote had difficulty making payment to Pierce for its services, Pierce agreed to defer the bulk of its compensation to a later date to allow Cote to complete the Project.  But on the date that Pierce was to stop working on a lump sum basis and start billing for its time and materials, Cote terminated Pierce's services without cause and in violation of the Contract.  Then, after receiving notice reminding Cote that Pierce owned all of the

Drawings, Cote had them copied and distributed them to his consultants and representatives to use in completing and marketing the Project. And despite such use, Cote refused to pay Pierce for even those services performed prior to termination of the Contract. Such conduct is clearly unfair or deceptive, thus entitling Pierce to recovery of multiple damages and attorneys fees. To date, Pierce has incurred over $7,500 in legal fees, a figure which continues to increase.

### III. CONCLUSION

In this matter, there is a reasonable likelihood that the plaintiff will recover judgment including interest and costs, in the amount equal to or greater than the amount of the attachment sought over and above any liability insurance known or reasonably believed to be available. The amount of the requested attachment equals the amount of money owed to plaintiff by Cote for work and services rendered, plus damages for improper termination and continued use of his copyrighted materials, and costs and attorneys fees.

Wherefore, the plaintiff, Pierce, requests that this Court approve the above requested Real Estate Attachment in the amount of **$125,000.00** and endorse an appropriate Writ of Attachment.

Respectfully submitted
D.H. PIERCE DESIGN ASSOCIATES, INC.
By its attorneys,
MORRISON MAHONEY LLP

Steven J. Bolotin, BBO#564085
250 Summer Street
Boston, MA 02210
(617) 439-7500

968677v1