UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.H. PIERCE DESIGN ASSOCIATES, INC., d/b/a PIERCE ARCHITECTS, Plaintiff, | ) ) ) ) ) |
| v. | ) DOCKET NO: |
| D.L. COTE & COMPANY, LLC, and DEE L. COTE, in his Individual Capacity Defendants. | ) 05-11626 RWZ ) ) ) |

### AFFIDAVIT OF DANIEL H. PIERCE

I, Daniel H. Pierce, hereby depose and state under oath:

1. I am of the age of majority. I have personal knowledge of the facts stated herein or, where indicated, a fair and reasonable belief as to those facts based upon documents the authenticity of which I can attest to.

2. I am an architect in good standing in this Commonwealth, and the President of D.H. Pierce Design Associates, Inc. d/b/a Pierce Architects ("Pierce"), located at 214 Derby Street, Salem, Massachusetts.

3. Pierce was employed by D.L. Cote & Company, LLC, ("Cote"), to perform architectural services in connection with the building known as The Leavitt House Condominiums located at 7 Winter Street in Salem, Massachusetts (the "Project").

4. On December 4, 2003, Cote and Pierce executed a promissory note which called for Cote to make payment to Pierce in the amount of $5,000.00, which was for payment of services above and beyond any other compensation due. Payment on the note was due at the earlier of completion of the Project or December 1, 2004. A true and accurate copy of the Promissory Note is appended as **Exhibit 1**.

5. On March 5, 2004, Pierce entered into a Standard Form of Agreement Between Owner and Architect (the "Contract") with Cote in connection with the Project. A true and accurate copy of the Contract is appended hereto as **Exhibit 2**.

6. On August 5, 2004, Cote and Pierce entered into a written Memorandum of Understanding ("MOU") providing for changes to the terms of the Contract. Specifically, the MOU provided that in addition to monies already due and owing to Pierce, Cote was also to make payment to Pierce of $75,000.00, which reflected payment for services rendered by Pierce to Cote through March 1, 2005. This payment was due at

the earlier of June 1, 2005, or sale of the fifth condominium unit at the Project. A true and accurate copy of the MOU is appended hereto as **Exhibit 3**.

7. On March 31, 2005, prior to the completion of the Project, Cote terminated the Contract without cause. A true and accurate copy of the Termination Notice is appended hereto as **Exhibit 4**.

8. To date, Cote owes Pierce $85,436.72 for work and services rendered under the Contract.

9. Despite demand, Cote has refused to make payment to Pierce for services rendered, and as called for under the Promissory Note, Contract, and MOU.

10. Had Pierce's services been charged by an hourly basis, and Pierce had been paid in full during the course of the Project, Pierce would still be owed $73,244.42 for fees and expenses incurred on behalf of Cote for the Project.

11. After Pierce's termination, Cote was expressly advised that Pierce was not relinquishing its ownership or copyright in the Drawings, and that any permission Cote may have had to use those Drawings was revoked. A true and accurate copy of Correspondence dated April 7, 2005, is appended hereto as **Exhibit 5**.

12. Upon information and belief, Cote retained another architect, H.H. Morant &Co., Inc. ("Morant") to complete the Project. Cote told Morant that Pierce's Drawings had been released for their use. **Exhibit 6**. Morant completed the Project using Pierce's Drawings. Morant confirmed its use of Pierce's Drawings to the City of Salem, expressly advising the Salem Building Inspector that it did not prepare any new designs or calculations. *See* June 7, 2005 Letter from Morant to Salem Building Inspector, a true and accurate copy of which is appended as **Exhibit 7**.

13. In addition to identifying his copyright on all drawings, Pierce has also registered the Drawings with the Library of Congress as his copyright protected works. Pursuant to Federal copyright regulations, Pierce's Drawings were deemed registered upon the mailing of Form VA(2) to United States Copyright Office on April 12, 2005. A true and accurate copy of Form VA(2) is appended hereto as **Exhibit 8**.

14. Cote has continued to use Pierces' Drawings in the promotion and marketing of the Project. Specifically, on April 5, 2005, Cote directed the duplication of a CD containing copyright protected Drawings prepared by Pierce. A true and accurate copy of the April 11, 2005, letter from Joseph Merritt & Company ("Merritt"), and attached request for duplication, is appended hereto as **Exhibit 9**.

15. Cote issued this directive to Merritt despite receiving prior correspondence from Pierce advising that if Pierce's Contract were terminated prior to the completion of the Project, the Drawings could not be used without Pierce's authorization. *See* Correspondence dated September 30, 2004, a true and accurate copy of which is appended as **Exhibit 10**.

16. Moreover, Cote continues to use and publish those Drawings as part of his marketing of the project. *Compare* a true and accurate copy of materials taken from the web page for the Project, http://www.leavitthouse.com, appended hereto as **Exhibit 11**, with Elevations and Floor Plans of Pierce, a true and accurate copy of which are attached as **Exhibit 12**.

17. The documents on file with the City of Salem, which were the materials used to complete the Project, are Pierce's Drawings, and are identified as such on the documents themselves. Drawings submitted by Pierce to Salem Building Department dated June 18, 2004, a true and accurate copy of which are appended hereto as **Exhibit 13**.

18. From my involvement in the project, and discussions with Cote, it is my belief that Cote does not maintain liability insurance to address Pierce's claims, and that Cote does not have sufficient assets beyond its interest in the Project to make payment to Pierce of the amounts owed and claimed.

19. From my involvement in the Project, I am aware that Cote has begun selling units in the Project and has encumbered the Project with mortgages from lenders. As such, without an attachment at this time, Cote may have insufficient equity in the Project to pay Pierce at the time a judgment is entered.

20. Pierce has submitted an invoice to Cote for payment of services which remains unpaid. A true and accurate copy of Pierce's Invoice is appended hereto as **Exhibit 14**.

**Signed under the pains and penalties of perjury this \_\_1ST\_\_ day of August, 2005.**

_____
Daniel H. Pierce