UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-11626 RWZ

D.H. PIERCE DESIGN ASSOCIATES, )
INC., d/b/a PIERCE ARCHITECTS, )
    Plaintiffs )
     )
v. )    **ANSWER TO COMPLAINT**
     )
D.L. COTE & COMPANY, LLC, and )
DEE L. COTE, in his individual Capacity )
    Defendants )

## PARTIES

1. The Defendants admit these allegations

2. The Defendants admit these allegations

## JURISDICTIONL ALLEGATIONS

3. The Defendants deny the allegations contained in this paragraph.

## GENERAL ALLEGATIONS

4. The Defendants deny the allegations contained in this paragraph.

5. The Defendants deny the allegations contained in this paragraph.

6. The Defendants deny the allegations contained in this paragraph.

7. The Defendants deny the allegations contained in this paragraph.

8. The Defendants deny the allegations contained in this paragraph.

9. The Defendants deny the allegations contained in this paragraph.

10. The Defendants deny the allegations contained in this paragraph.

11. The Defendants deny the allegations contained in this paragraph.

12. The Defendants deny the allegations contained in this paragraph.

13. The Defendants deny the allegations contained in this paragraph.

14. The Defendants deny the allegations contained in this paragraph.

## COUNT I

15. The Defendants repeat their answers to paragraphs 1 through 14.

16. The Defendant is without sufficient information to admit or deny the allegations contained in this paragraph and therefore denies the allegations contained in this paragraph and calls on the plaintiff to prove them.

17. The Defendants deny the allegations contained in this paragraph.

18. The Defendants deny the allegations contained in this paragraph.

19. The Defendants deny the allegations contained in this paragraph.

20. The Defendants deny the allegations contained in this paragraph.

21. The Defendants deny the allegations contained in this paragraph.
22. .

## COUNT II

23. The Defendants repeat their answers to paragraphs 1 through 21.

24. The Defendants deny the allegations contained in this paragraph.

25. The Defendants deny the allegations contained in this paragraph.

26. The Defendants deny the allegations contained in this paragraph.

## COUNT III

27. The Defendants deny the allegations contained in this paragraph.

28. The Defendants deny the allegations contained in this paragraph.

29. The Defendants deny the allegations contained in this paragraph.

30. The Defendants deny the allegations contained in this paragraph.

31. The Defendants deny the allegations contained in this paragraph.

32. The Defendants deny the allegations contained in this paragraph.

33. The Defendants deny the allegations contained in this paragraph.

34. The Defendants deny the allegations contained in this paragraph.

35. The Defendants deny the allegations contained in this paragraph.

### COUNT IV

36. The Defendants deny the allegations contained in this paragraph.

37. The Defendants deny the allegations contained in this paragraph.

38. The Defendants deny the allegations contained in this paragraph.

39. The Defendants deny the allegations contained in this paragraph.

### COUNT V

40. The Defendants deny the allegations contained in this paragraph.

41. The Defendants deny the allegations contained in this paragraph.

42. The Defendants deny the allegations contained in this paragraph.

### COUNT VI

43. The Defendants deny the allegations contained in this paragraph.

44. The Defendants deny the allegations contained in this paragraph.

45. The Defendants deny the allegations contained in this paragraph.

46. The Defendants deny the allegations contained in this paragraph.

47. The Defendants deny the allegations contained in this paragraph.

### AFFIRMATIVE DEFENSES:

1. The Complaint fails to state a claim upon which relief can be granted.
2. The Plaintiff does not have standing to maintain this action.
3. The Plaintiff's has surrendered its copyright protection.

4. The Plaintiff has failed to join all necessary parties to this action.

5. The Plaintiff's action is barred by laches.

6. The Plaintiff's action is barred by the Doctrine of Unclean Hands.

7. The Plaintiff's action is wholly insubstantial, frivolous and not advanced in good faith.

8. The Plaintiff waived its claim against the Defendants.

9. The Plaintiff did not have a valid copyright..

10. The Plaintiff's Complaint should be dismissed based on lack of jurisdiction.

11. The Plaintiff's Complaint should be dismissed based on improper venue.

12. The Plaintiff's Complaint should be dismissed based upon insufficiency of process.

13. The Plaintiff's Complaint should be dismissed based on insufficiency of service of process.

14. The Plaintiff's Complaint should be dismissed against Dee L. Cote in his individual capacity.

15. The Plaintiff's Complaint should be dismissed because the claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the Defendants.

16. The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the Plaintiff authorized and licensed the Defendants actions.

17. The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the Doctrine of Unclean Hands.

18. The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the Plaintiff published his architectural materials and abandoned his copyright protection.

19. The Plaintiff has expressly waived all claims for consequential damages caused by the Defendants.

20. The Defendants assert that if there ever was a binding contract between the parties, then the Plaintiff by its actions, repudiated the same, thereby releasing the Defendants from any and all duties thereunder.

21. The Defendants assert that the Plaintiff is estopped to bring the present action by reason or accord and satisfaction.

22. The Defendants state that the alleged debt was discharged, released, or otherwise satisfied.

WHEREFORE, the Defendants demand the dismissal of the Complaint, with costs taxed to the Plaintiff. The Defendants hereby assert their right to a jury trial on the Complaint.

The Defendant demands a jury trial on all claims contained in the complaint that are so triable.

>Respectfully submitted,
>D.L Cote & Company, LLC, and
>Dee L. Cote
>By their Attorney
>
>*/s/ John H. Ronan*
>John H. Ronan
>BBO #547124
>RONAN, SEGAL & HARRINGTON
>59 Federal Street
>Salem, MA 01970
>(978) 744-0350

Dated: August 19, 2005

### CERTIFICATE OF SERVICE

I, John H. Ronan, hereby certify that a copy of the within Answer was served by mailing same, first class mail, postage prepaid to Steven J. Boloton, Esq., Morrison Mahoney LLP, 250 Summer Street, Boston, MA 02210

>*/s/ John H. Ronan*
>John H. Ronan

Dated: August 16, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 05-11626RWZ

| | |
|---|---|
| D.H. PIERCE DESIGN ASSOCIATES )<br>d/b/a PIERCE ARCHITECTS, )<br>    Plaintiff )<br>)<br>V. )<br>)<br>D.L. COTE & CIMPANY, LLC, and )<br>DEE L. COTE, Individually )<br>    Defendants ) | **NOTICE OF APPEARANCE** |

To the Clerk of the Above Named Court:

    Please enter my appearance as attorney for the Defendants D.L. Cote & Company, LLC, and Dee L. Cote, Individually, in the above-entitled case.

    Respectfully submitted,

    _/s/ John H. Ronan_
    John H. Ronan, Esquire
    BBO # 547124
    RONAN, SEGAL & HARRINGTON
    59 Federal Street
    Salem, MA 01970
    (978) 744-0350

Dated: August 19, 2005